**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

COVE OWNERS ASSOCIATION, INC.,     )
     Plaintiff,                         )
                                      )     C.A. No. CPU6-19-000104
       v.                           )
                                        )
1205 COASTAL LLC,               )
     Defendant.                     )
                                        )
                                        )

Submitted: December 3, 2021
Decided: February \_\_\_\_, 2022

*Robert J. Valihura, Jr., Esq.: Attorney for Plaintiff*
*Richard E. Berl, Jr., Esq.: Attorney for Defendant*

## DECISION AFTER TRIAL

This is a debt collection matter arising out of condominium fees and assessments owed to Cove Owners Association ("Plaintiff") by 1205 Coastal LLC ("Defendant"). Trial was held on December 3, 2021. The Court reserved decision following closing arguments. For the following reasons, the Court finds Plaintiff has met its burden of proof and enters judgment against Defendant.

## DISCUSSION

The Court heard testimony from four witnesses: Plaintiffs' witnesses Mary Kay Nickel, Patty Walker, Ed Pratt; and Defendant's witness Jeff Treacy. The Court makes the following findings of fact from the relevant testimony, admitted evidence, and weight and credibility the Court attributes to such testimony and evidence, and reaches the following conclusions of law:

Defendant is the owner of Building 3 in the Cove Condominium Complex located at 1205 Coastal Highway in Dewey Beach, Delaware. Defendant purchased Building 3 in July 2018. Defendant owns a .0375% share in the Cove Condominium. Defendant is responsible for his proportionate share of condominium fees and assessments. Defendant's building is split into commercial and residential use, and is the only building in the condominium with a permitted commercial use. The first floor of the building is leased as a restaurant to MezCali Taquería Y Mezcal Bar; the second floor is residential. Plaintiff filed this action claiming 1) Defendant has failed to pay its assessed share of a capital improvement loan the Cove secured in 2017; and 2) Defendant has failed to pay certain commercial flood insurance costs Plaintiff assessed to Defendant under the terms of the Condominium Declaration[1] and Code of Regulations[2]. Defendant denies owing the amounts claimed, and counterclaims it has been overbilled for flood insurance premiums and other common expenses.

### Capital Improvement Loan

The Cove complex consists of both condominiums and townhomes. In 2017 owners in the Cove complex voted to secure a loan for a capital improvement project that totaled roughly $1 million. Owners were responsible for their proportionate share of the loan; Building 3's unit share of the loan was $32,016.00. Owners had the option to pay in full by October 1, 2018 or to pay monthly with

---

[1] *Plaintiff's Exhibit 4.* The original Declaration and seven Amendments thereto are of record in Office of the Sussex County Delaware Recorder of Deeds.
[2] *Plaintiff's Exhibit 5.* The original Code of Regulations and a First Amendment thereto are of record in the Office of the Sussex County Delaware Recorder of Deeds.

interest over the course of four years. The previous owner of Building 3 was aware of this obligation. The loan obligation attaches to ownership of Building 3. Therefore, Defendant assumed the obligation when it purchased and took title to Building 3 of the Cove Condominium.

Ms. Nickel, President of the Cove Owners Association, testified that all owners are responsible for their proportionate share of the capital improvement loan. She noted if an owner chose not to pay his or her share in full by October 2018, those, like Defendant, with a .0375% condominium interest were assessed a monthly payment of $667 until paid in full. All owners have paid on time except Defendant and one other. All owners are responsible for common expenses assessed per the Code of Regulations, which provides that "no unit owner may exempt himself from liability for his contribution toward common expenses by waiver of the use of enjoyment of any of the common elements or by abandonment of his unit." [3]

Defendant, through its principal Mr. Treacy, acknowledges it did not pay the lump-sum assessment for the capital improvement project, nor has it paid the alternate $667 monthly assessment for the project loan. Defendant essentially maintains it has not paid the loan assessment because sufficient improvement work on its particular building has yet to be undertaken, and it had been in negotiations with Plaintiff to determine the scope and commencement of work on Building 3 and the appurtenances to the restaurant. Mr. Treacy also alleges he

---

[3] *See* Plaintiff's Exhibit 5, page 18.

was unaware of this condominium obligation when he purchased Building 3. However, he was the commercial tenant of the predecessor owner of Building 3 when the capital loan was incurred, and the project approved by Plaintiff.

"As with any other contract, the intent of the parties to a condominium declaration or code of regulations must be ascertained from the language of the contract. Where that language is clear and unambiguous, this court will accord that language its ordinary meaning."[4]  Further, the obligation to pay condominium fees is unconditional.[5] "Whatever grievance a unit owner may have against the condominium trustees must not be permitted to affect the collection of lawfully assessed common area expense charges. . .. For the same reason that taxpayers may not lawfully decline to pay lawfully assessed taxes because of some grievance or claim against the taxing governmental unit, a condominium unit owner may not decline to pay lawful assessments."[6]  The relevant language of the Cove Condominium Declaration and Code of Regulations is clear and unambiguous in its creation and imposition of the obligation upon owners to pay their proportionate share of the capital improvement loan.  Defendant's complaints regarding the order or manner in which Plaintiff has chosen to approach the project and apply the funds are irrelevant to that obligation under Delaware law.  The Court does not find any parol agreement between the parties from their discussions regarding the work to be done on Defendant's unit that

---

[4] *Council of Dorset Condo. Apartments v. Gordon*, 801 A.2d 1, 5 (Del. 2002) (quoting *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 822 (Del.1992)).
[5] *Park Ctr. Condo. Council v. Epps*, 1997 WL 817875, at * 2 (Del. Super. Ct. 1997).
[6] *Id.*

would validly alter, delay or forgive Defendant's obligations to make timely payment of its share of the loan, to the detriment of other unit owners.

Finally, under the Cove Code of Regulations, "if the assessment is not paid on its due date, the assessment shall bear interest at the Delaware interest rate on judgments from its due date, and a late charge of $25 shall be applied per month . . . until it is paid."[7]

Plaintiff has established by a preponderance of the evidence that Defendant owes Plaintiff $32,016.00 as its unpaid proportionate share of the capital improvement, plus late fees of $950.00, and interest thereon from the original due date of the assessment.

### Commercial Flood Insurance Costs

As noted above, Defendant's Building 3 is the only part of the Cove Condominium that has a permitted commercial use. The first floor of Building 3 is a restaurant/bar, and the second floor is a residence. Clearly in anticipation of the fact that the commercial use of Building 3 may increase insurance costs on the overall Condominium beyond those of ordinary residential use, on April 30, 1994 the Cove Declaration was amended to provide "if the use of the commercial unit, Building 3, Unit 300, Stage I, causes any increase in the insurance rates of the condominium, the increase in rates over the customary residential rate will be at the cost and expense of the owner of Building 3, Unit 300, Stage I."[8]

---

[7] *See* Plaintiff's Exhibit 5, page 43.
[8] *See* Plaintiff's Exhibit 4 (Deed Book 2030, page 147).

The evidence at trial established that, in particular, flood insurance rates are drastically higher on commercial use properties than residential properties. In fact, due to the commercial use of the first floor of Building 3, under FEMA regulations the entire building is assessed and insured at a commercial rate separate from the flood insurance policy and rate covering the balance of the Cove Condominium. To address this situation, and, the Court finds, to be equitable to the owner of Building 3 as well as comply with the commercial insurance provisions of Amendment 2 of the Declaration, Plaintiff and its insurance agent developed a method to calculate the "increase in rates over the customary residential rate" to be separately assessed to, and paid by, the Building 3 owner under the terms of the Declaration Amendment.

Ms. Patty Walker of Williams Insurance Agency, Plaintiff's insurance agent at the time, testified that she developed the calculation by reference to another similar but purely residential building in the Cove Condominium. The Court finds the method established to be a reasonable and accurate calculation of the "increase in rates" caused by the commercial use.

The prior owners of Building 3 paid the calculated differential. Defendant, however, has refused to pay the calculated differential, insisting that it is only obligated to pay the 0.0375% share of the overall flood insurance costs included in its monthly assessment, which Defendant does pay.

The Court finds no merit in this argument. Amendment 2 addressing increased commercial insurance costs was adopted after the original Declaration establishing unit assessment obligations, and therefore controls in interpreting

6

those obligations. The language of that Amendment is clear and unambiguous. The Declaration and its Amendments are of record in the Office of the Sussex County Recorder of Deeds, and therefore Defendant had record notice of them, and purchased Building 3 subject to them. The owner of Building 3 must pay the increased flood insurance costs caused by its commercial use. Plaintiff reasonably calculated that increased flood insurance cost differential.

The Court finds from the evidence that Defendant has failed to pay Plaintiff $23,452.92 in flood insurance premiums and late fees accrued thereon.[9]

### *Counterclaim*

Inasmuch as Plaintiff has clearly established its claims regarding the loan and flood insurance assessments, and Defendant has offered no evidence of any other alleged over-charged assessments, the Court finds against Defendant on its Counterclaim.

### *Attorney's Fees*

In Delaware the general rule is each party must bear its attorney's fees and expenses of litigation unless there is a "contractual or statutory basis for liability."[10] An attorneys' fees personal liability provision contained in a valid condominium declaration or code of regulations is an enforceable contractual obligation against a record owner of such a condominium unit.[11] The Court may

---

[9] *Id.*

[10] *Dixon v. Council of Cliff House Condo.*, 2009 WL 5455537, at *3 (Del. Com. Dec. 8, 2009) (quoting *Bergin v. McCloskey,* 2008 WL 4662378, at *1 (Del. Com. Oct. 22, 2008)); *Casson v. Nationwide Ins. Co.,* 455 A.2d 361, 370 (Del. Super. Ct. 1982).

[11] *Dixon, supra.*

order payment of reasonable attorney's fees as part of costs to be paid by the losing party as long as payment of such fees is authorized by some provision of statute or contract.[12]  The First Amendment to the Cove Code of Regulations provides if judgment is obtained "such judgment shall include interest, reasonable attorney's fees to obtain and enforce such judgment, and costs as fixed by the court."[13]  Plaintiff is entitled to reasonable attorneys' fees incurred in the obtainment and collection of this judgment.

## CONCLUSION

The Court finds Plaintiff has met its burden of proof and established Defendant has failed to meet its obligation to pay all fees and assessment associated with Building 3.  Judgment is entered in favor of Plaintiff, Cove Owners Association, and against Defendant 1205 Coastal LLC in the amount of $56,418.92, plus pre-judgment and post-judgment interest at the legal rate from October 1, 2018, plus reasonable attorney's fees to be determined by the Court.  Plaintiff shall submit an affidavit of reasonable attorney's fees within twenty-one (21) days of this Order; Defendant shall have fourteen (14) days to file any response to the affidavit.

**IT IS SO ORDERED** this 24 day of February, 2022.

_____
Kenneth S. Clark, Jr.,
Judge

---

[12] *Casson v. Nationwide Ins. Co.,* 455 A.2d 361, 370 (Del. Super. Ct. 1982).
[13] *See* Plaintiff's Exhibit 5, Code of Regulations, First Amendment, page 43

8